IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH B. MATTHEWS,

        Plaintiff,                      No. CIV S-09-2415 GEB GGH P

    vs.

LAHEY, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se in this civil rights action.  Pursuant to motion filed January 4, 2010, plaintiff asks the court to serve upon defendant Traquina plaintiff's Request for Production of Documents, as well as the summons and complaint.  <u>See</u> Docket No. 26.  However, as plaintiff concedes, no defendant has yet been served process in this case, <u>id</u>. at 1 (fn.), for which the U.S. Marshal is presently tasked, Docket No. 21; moreover, the responsibility for serving discovery requests lies with the parties, not the court.

        Review of the docket demonstrates the following.  On October 13, 2009, this court directed the Clerk of Court to send plaintiff the appropriate documents to complete in order to effect service of process upon defendants Traquina, Lahey, Basi and Tan.  Docket No. 8. Although plaintiff initially notified the court that the material he received from the Clerk of Court was incomplete, Docket No. 10, on November 2, 2009, he sought a 30-day extension of time

1

within which to complete and submit all necessary documents, Docket No. 13.  Despite granting plaintiff's request, Docket No. 16, the court directed the Attorney General to make a special appearance in response to plaintiff's motion for preliminary injunction, Docket No. 9, and the submission of service documents was suspended pending the court's decision on that motion, Docket No. 17.  Plaintiff submitted the requisite documents on November 30, 2009, Docket No. 18, and, on December 8, 2009, the court directed the U.S. Marshal to serve process upon defendants, Docket No. 21.

After the U.S. Marshal notifies the court and plaintiff that defendants have been served process and/or defendants appear in this action, plaintiff (not the court) may serve his discovery requests upon defendants.  Discovery is self-executing.  Court permission is not required, nor is court participation appropriate, for propounding, responding to, or serving discovery requests.  Neither discovery requests nor responses should be filed with the court unless they are at issue and a party seeks relief pursuant to the Federal Rules of Civil Procedure.

Accordingly, plaintiff's "motion" filed January 11, 2010, Docket No. 26, is both premature and inappropriate, and shall be disregarded.

SO ORDERED.

DATED: January 19, 2010

   /s/ Gregory G. Hollows
United States Magistrate Judge