IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH B. MATTHEWS,

    Plaintiff,                            No. 2:09-cv-2415 GEB KJN P

    vs.

LAHEY, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants Lahey, Tan and Traquina have filed a motion for summary judgment. In plaintiff's opposition, plaintiff seeks a continuance under Rule 56(f)(1) to obtain authenticated medical records from the California Department of Corrections and Rehabilitation ("CDCR"), and to obtain further discovery responses from defendant Traquina. Plaintiff claims that he has been attempting to obtain authenticated medical records from the CDCR for approximately one year.

        Rule 56(f) of the Federal Rules of Civil Procedure provides:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;

1

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

Fed. R. Civ. P. 56(f).

A party seeking a continuance under Rule 56(f) must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir. 1991); Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir. 1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987). See also Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) (party must identify by affidavit the specific facts further discovery would reveal and explain why those facts would preclude summary judgment); California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998) (party opposing on Rule 56(f) grounds needs to the specific facts he hopes to elicit from further discovery, that the facts sought exist and that the sought-after facts are essential to resisting the summary judgment motion); Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts she hopes to discover to raise an issue of material fact").[1]

With regard to plaintiff's request to reopen discovery, plaintiff has failed to identify specific facts he would discover that would raise a genuine issue of material fact. On August 5, 2010, the discovery deadline was extended to October 18, 2010. (Dkt. No. 48.) Plaintiff served a request for further responses to interrogatories and a request for admissions on

---

[1] Pro se pleadings are to be construed liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (pro se complaints, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers").

1  defendant Traquina on September 29, 2010.  The court required defendants to respond to the
2  written discovery requests within 21 days.  (Dkt. No. 48.)  The 21 day period ran on October 20,
3  2011, after the discovery deadline expired.  Defendant Traquina did not respond to these
4  discovery requests because the deadline to respond ran after the October 18, 2010 discovery
5  cutoff.  Plaintiff did not move to compel responses and plaintiff did not seek an order reopening
6  discovery.  Moreover, plaintiff has failed to demonstrate that responses to these discovery
7  requests are essential to resist summary judgment.  Accordingly, plaintiff's request to continue
8  the summary judgment motion and reopen discovery is denied.

However, as to the medical records, plaintiff has demonstrated a need for medical records to oppose the motion for summary judgment.  Plaintiff claims certain medical records will refute defendants' claims that they are entitled to summary judgment.  Plaintiff has provided records that demonstrate he has attempted to obtain authenticated medical records for the court's use, to no avail.  Indeed, in the May 13, 2010 second level review, R.N. Laura A. Mefford stated that "[i]n checking with G. Stringer, Health Records Technician II, it was confirmed authenticated records along with an affidavit declaring as such was sent to the courts immediately following your submission of the court documents." (Dkt. No. 59 at 14.)  This court issued plaintiff three subpoenas on May 21, 2010.  (Dkt. No. 39.)

"[U]nauthenticated documents cannot be considered in a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990).  However, as a practical matter, it would be an abuse of this court's discretion to refuse to consider evidence offered by a pro se plaintiff at the summary judgment stage.  See, e.g., Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (reversing and remanding with instructions to consider evidence offered by the pro se plaintiff in his objections to the findings and recommendations); Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (district court properly considered a diary which defendants moved to strike as inadmissible hearsay because "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form.  We focus instead

on the admissibility of its contents."); Johnson v. Meltzer, 134 F.3d 1393, 1399-40 (9th Cir. 1998) (reversing and remanding for consideration of the pro se plaintiff's verified motion as an affidavit in opposition to summary judgment); see also, e.g., Fryman v. Traquina, 2009 WL 113590 at *11 n.5 (E.D. Cal. Jan.15, 2009) (overruling defendants' objections to plaintiff's medical records on the grounds that they constitute hearsay, lack foundation and are not properly authenticated because "[i]t cannot reasonably be disputed that the records in question are plaintiff's medical records from his prison file. Those records are created and maintained by prison officials."). Finally, if the case proceeds past the summary judgment stage, plaintiff will have time to authenticate documents for introduction at trial.

No authenticated medical records have been provided to this court. On the other hand, plaintiff has not filed executed subpoenas that show the medical records were to be filed in this action. The record demonstrates, however, that plaintiff has been provided copies of his medical records. (Dkt. No. 59 at 11, 15 & 17.) Plaintiff contends certain of those medical records will refute defendants' motion for summary judgment. Accordingly, plaintiff will be granted an extension of time to submit unauthenticated medical records in opposition to defendants' motion for summary judgment. Plaintiff is cautioned that the court is not inclined to grant further extensions of time.

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this order, plaintiff shall file a supplemental opposition to the motion for summary judgment, along with unauthenticated copies of the medical records plaintiff argues will refute defendants' motion for summary judgment. Defendants' supplemental reply, if any, shall be filed seven days thereafter.

DATED: May 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

matt2415.den

4