IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH B. MATTHEWS,

      Plaintiff,                    No. 2:09-cv-2415 GEB KJN P

    vs.

LAHEY, et al.,                       <u>ORDER AND REVISED</u>

      Defendants.               <u>SCHEDULING ORDER</u>

_____/

        On December 20, 2011, defendant Basi filed a motion to modify the court's scheduling order. Because defendant Basi filed an answer on September 9, 2011, defendant Basi states he was unable to comply with the revised scheduling order requiring discovery requests to be propounded by October 31, 2011. Plaintiff objects to the modification of the scheduling order, claiming he had to wait a year and a half for defendant Basi to be served with process, and alleging defendant Basi failed to respond to plaintiff's interrogatories. Plaintiff states that he will need an extension of the pretrial motions deadline if the discovery deadline is extended. In reply, defendant Basi points out that plaintiff propounded discovery requests in violation of the October 31, 2011 deadline, serving them on November 1, 2011, December 14, 2011, and December 28, 2011. Thus, defendant argues, extension of the discovery deadline will also benefit plaintiff.

        "The district court is given broad discretion in supervising the pretrial phase of

litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson., 975 F.2d at 607).

On September 14, 2011, the court set a discovery deadline for December 30, 2011, and a pretrial motions deadline for February 23, 2012. Because it appears both defendant Basi and plaintiff require additional time to propound discovery, the discovery deadline will be extended, which also requires the extension of the dispositive motion deadline. However, both parties are advised that this court is not inclined to entertain further requests to extend these deadlines. Good cause appearing, defendant's motion is granted.

Plaintiff has renewed his request for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In the present case, the court does not find the required exceptional circumstances. To date, plaintiff has competently and diligently represented himself in this action, and the court is unable to determine the likelihood of success on the merits at this time. Plaintiff's request for the appointment of counsel will therefore be denied.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Basi's December 20, 2011 motion to modify the scheduling order (dkt. no. 85) is granted; and

2. The September 14, 2011 scheduling order (dkt. no. 75) is modified as follows:

    A. The discovery deadline is extended to April 9, 2012; and

    B. The pretrial motions deadline is extended to June 11, 2012.

3. Plaintiff's December 19, 2011 request for appointment of counsel (dkt. no. 86) is denied.

DATED: January 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

matt2415.16b