IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH B. MATTHEWS,

       Plaintiff,                    No. 2:09-cv-2415 GEB KJN P

   vs.

LAHEY, et al.,

       Defendants.         ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On October 23, 2012, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, the court adopts the findings and recommendations.

1   On September 6, 2011, the court granted the motion for summary judgment filed
2   by defendants Lahey, Tan, and Traquina.  However, plaintiff was not provided contemporaneous
3   notice of the requirements for opposing a motion for summary judgment at the time the
4   November 1, 2010 motion was filed.
5   On July 6, 2012, the Ninth Circuit issued an order requiring that all prisoners
6   proceeding pro se must be provided contemporaneous notice of certain requirements for
7   opposing a motion for summary judgment.  Woods v. Carey, 2012 WL 2626912,*1 (9th Cir. July
8   06, 2012 ), citing Rand and Klingele.  The district court may provide such notice if defendants
9   fail to do so.  Woods, 2012 WL 2626912 at *5.  Woods applies to both "pending and future
10  cases." Id. at *6.  Therefore, the court will provide plaintiff with the notice required under
11  Woods, and will grant plaintiff an extension of time to file a supplemental opposition to the
12  November 1, 2010 motion for summary judgment.  Defendants may file a reply seven days
13  thereafter.
14  Plaintiff is not required to file a supplemental opposition.  If plaintiff fails to file a
15  supplemental opposition, the prior ruling on the November 1, 2010 motion will stand.
16  Accordingly, IT IS HEREBY ORDERED that:
17  1. The findings and recommendations filed October 23, 2012, are adopted in full;
18  2. The June 11, 2012 motion for summary judgment (dkt no. 92) is granted, and
19  Dr. Basi is dismissed from this case with prejudice;
20  3. Plaintiff is informed of the following requirements for opposing a motion for
21  summary judgment:

Rand Notice[1]

Plaintiff is informed that the following requirements apply for
opposing a motion for summary judgment pursuant to Fed. R. Civ.

---

[1] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  See Woods 2012 WL 2626912 at *1; Rand, 154 F.3d at 957, and Klingele, 849 F.2d at 409.

P. 56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.   Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).

If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).

If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.  In the present case, summary judgment for defendant would end the entire case.

      4.  Plaintiff is granted thirty days from the date of this order in which to file a supplemental opposition, if any, to the November 1, 2010 motion for summary judgment.

////

////

1  Defendants' reply, if any, shall be filed within seven days thereafter.

2  Dated:  December 20, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge